IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TYLER BRADY MILLER,

Defendant.

CR 23-63-BLG-SPW

ORDER

Before the Court is pro se Defendant Tyler Brady Miller's Motion to Dismiss Administrative Non-Compliance Allegation. (Doc. 115). Miller moves to "dismiss, strike, and set aside the non-compliance allegation logged by the probation department regarding the August 2026 sweat patch testing cycle." (*Id.* at 1).

Miller appears to base this Motion on a Report of Offender Under Supervision filed with the Court on September 16, 2026. (Doc. 114). That report catalogs Miller's history of noncompliance and explains that "the probation officer believes the defendant has violated . . . [the mandatory condition that he] refrain from any unlawful use of a controlled substance." (*Id.* at 2). In support, the report states that Miller's "sweat patch was removed . . . and sent to Clinical Reference Laboratory for testing," where it was confirmed positive for methamphetamine. (*Id.*). Based on this alleged violation, the probation officer "recommended that the Court take no

formal action against the defendant at this time." (*Id.* at 3). The Court approved the recommendation and took no action. (*Id.*).

A probation officer is statutorily obligated to monitor and report on a defendant's conduct. *United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999). In doing so, the officer serves as the "fact-gatherer, information-verifier, [and] data-interpreter" for the judiciary. *United States v. Oliver*, 41 F.4th 1093, 1099 (9th Cir. 2022) (quoting *United States v. Manning*, 526 F.3d 611, 623 (10th Cir. 2008) (Gorsuch, J., concurring)). Importantly, filing a status report "does not itself initiate revocation proceedings; instead, it is the district court that ultimately decides whether to initiate revocation proceedings after considering the probation officer's report and petition." *Mejia-Sanchez*, 172 F.3d at 1175.

Here, the probation officer's report was submitted solely to fulfill her ongoing duty to monitor Miller. No formal Petition to Revoke Supervised Release has been filed, and the Court has not issued a warrant or summons based on these allegations. Because no formal revocation proceedings are pending, there is no operative charging document before the Court. Consequently, Miller's challenges to the factual allegations in the status report are premature.

///

///

///

///

Accordingly, IT IS HEREBY ORDERED that pro se Defendant Tyler Brady Miller's Motion to Dismiss Administrative Non-Compliance Allegation (Doc. 115) is DENIED. Miller may raise any factual or legal defenses to these allegations if and when formal revocation proceedings are initiated.

DATED this 25th day of September, 2026.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge