IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TYLER BRADY MILLER,<br><br>Defendant/Movant. | Cause No. CR 23-63-BLG-SPW<br><br>ORDER |

Pending before the Court is a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct the Judgment filed by pro se prisoner Tyler Brady Miller ("Miller"). (Doc. 105.) Miller challenges the initial sentence imposed upon him after he pled guilty to Count 1 of the Indictment of being a Prohibited Person in Possession of a Firearm, and apparently, the 33-month supervised release sentence he is serving following a final revocation hearing held on April 1, 2026. Miller alleges his original sentence was imposed under a structurally invalid statute and in violation of the Second Amendment. (*Id.* at 1-2.)

## I. Preliminary Review

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Miller was charged with: Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(8) (Count 1) and Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(9) (Count 2). (*See,* Indictment Doc. 1.)

On April 11, 2024, represented by Federal Defender Steven Babcock, Miller filed a motion to change his plea along with a written plea agreement. (Docs. 39 & 40.) Miller entered into a plea agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment, which charged him with the crime of being in possession of a firearm while being the subject of a protective order, in violation of 18 U.S.C. § 922(g)(8). *See*, Plea Agreement (Doc. 40 at 2.) In exchange, the Government agreed to dismiss Count 2 of the Indictment. (*Id.*) The Government also agreed that if the United States Supreme Court found 18 U.S.C. § 922(g)(8) to be unconstitutional in *United States v. Rahimi*, it would not oppose Miller's motion to withdraw his guilty plea prior to sentencing. (*Id.* at 2-3); *see also*, Offer of Proof (Doc. 43 at 2.) Miller was found to be competent, and his guilty plea was accepted. (Doc. 50.)

Of note, Miller was the subject of an order of protection issued following a hearing in Montana's Seventeenth Judicial District Court, Valley County, issued on February 21, 2023. (Doc. 43 at 4.) Miller was present at the Valley County hearing and testified on his own behalf. The order of protection prohibited Miller from: (1) threatening to commit or committing acts of violence against his ex-girlfriend and her minor son; and (2) harassing, annoying, disturbing the peace of, contacting the petitioner and her minor son by telephone or e-mail directly or indirectly. (*Id.* at 4-5.) The order of protection was in effect until February 20,

2024. The traffic stop that led to Miller's federal charges in the instant matter occurred on March 24, 2023. (*Id.* at 3-4.)

Through counsel, Miller subsequently acknowledged that the United States Supreme Court held that when an individual has been found to pose a credible threat to the physical safety of another, that individual may be temporarily disarmed consistent with the Second Amendment. *See*, (Doc. 64 at 2)(*citing United States v. Rahimi*, 602 U.S. 680, 690 (2024)). Accordingly, Miller proceeded to sentencing.

On September 12, 2024, a sentencing hearing was held. To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), Miller was sentenced to the Bureau of Prisons for a period of time served on Count 1, followed by a 3-year term supervised release. (*See* Minute Entry Doc. 65); (*see also* Judgment Doc. 67.) Miller did not file a direct appeal.

On August 28, 2025, following a final revocation hearing, Miller was found to have violated the conditions of his release and was sentenced to the Bureau of Prisons for time served, followed by 34 months of supervised release with special conditions. *See*, Min. (Doc 81.) As set forth above, Miller's supervised release was revoked a second time on April 1, 2026. (Doc. 98.) On July 30, 2026, this Court denied Miller's request for early termination of his supervised release. (Doc. 110.)

## III. Miller's Claims

Miller first alleges that his conviction under 18 U.S.C. § 922(n) is legally and structurally invalid because the felony indictment that was pending against him has been dismissed. (Doc. 105 at 1.) In support of this claim, Miller submits the last page of a Valley County District Court judgment that purports to dismiss one felony count of Assault on a Peace Officer. *See*, (Doc. 105-1 at 1.) Miller then contends that his federal conviction violates the Second Amendment and intervening precedent established in *United States v. Hemani*, 608 U.S. 772 (June 18, 2026), because there is no historical tradition supporting permanently stripping a citizen of their constitutional liberties based on a "dropped status or a dismissed accusation." (Doc. 105 at 1-2.)

As relief, Miller asks that his sentence be vacated and his conviction under 18 U.S.C. § 922(n) be expunged. Miller further requests that he be immediately discharged from all remaining supervision (*Id.* at 2.)

## IV. Analysis

The Court has considered Miller's challenge to the validity of his sentence. Setting aside any procedural hurdles, the § 2255 motion will be denied for lack of merit, and a certificate of appealability will not issue. *See, Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)(courts are empowered to reach the merits of habeas matter, despite a procedural bar, if the matter is clearly not meritorious).

**A. Legal Standard**

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [...] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

**B. 18 U.S.C. § 922(n)**

The prohibition in § 922(n) reflects Congress's judgment that those facing felony indictment are "presumed to pose a special risk of misusing firearms." *United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025)(en banc). "Congress today, like the founding era legislatures..., retains the power to disarm narrow segments of the population whom it deems a threat to public safety." *United States v. Perez-Garcia*, 96 F.4th 1166, 1189 (9th Cir. 2024).

The Ninth Circuit recently denied a challenge made by a defendant arguing that § 922(n) was unconstitutional as applied to him because the state felony charge underlying the federal offense was flawed and later dismissed. The Circuit rejected the argument finding, "[t]he federal guns laws…focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." *United States v Russell*, No. 25-3747, 2026 WL 1802858 * 1 (9th Cir. June 8, 2026). While defendant Russell was free to challenge the indictment before obtaining a firearm, he was precluded from collaterally attacking the indictment as a defense to his violation of § 922. *Id.*

The Circuit specifically noted that Russell's disarmament was supported by the "historical tradition" of disarming "categories of persons thought by a legislature to present a special danger of misuse" under *Duarte* and *Rahimi*, and that the recent decision in *United States v. Hemani*, did not affect the analysis. *Russell*, No. 25-3747, at *1, f.n. 1. Accordingly, on their face, neither of the claims advanced by Miller in his present motion have legal merit.

But the central problem with Miller's § 2255 motion, is that he was not convicted under § 922(n). Accordingly, the legal arguments advanced by Miller are wholly inapplicable. As set forth above, Miller was convicted of being in possession of a firearm while being the subject of a protective order, in violation of 18 U.S.C. § 922(g)(8). Miller acknowledged at various points throughout these

proceedings that he possessed a firearm when prohibited to do so, as there was an active protective order in place at the time of the offense conduct. *See e.g.*, Sentencing Memo (Doc. 64 at 3).[1] Accordingly, the Valley County District Court's dismissal of a felony criminal count in October of 2024, *see* (Doc. 105-1 at 1), has no bearing on the fact that Miller was subject to an active protective order when he possessed the firearm in the instant matter. Miller's motion is meritless. For this reason, the pending § 2255 motion will be denied and dismissed.

## V. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes

[1] *See also*, Plea Agreement (Doc. 40 at 3)(in which Miller noted he was subject to a court order, issued after a hearing of which he received actual notice, and at which he had an opportunity to participate...knowingly possessed...a firearm and ammunition , in violation of 18 U.S.C. § 922(g)(8)); Offer of Proof (Doc. 43 at 4-5); Minute Entry (Doc. 50); and, PSR (Doc. 66 at 5, ¶¶ 14, 16).

that Miller is not entitled to a certificate of appealability. No reasonable jurist would find debatable Miller's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Miller's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 105) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Miller files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 26-60-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Miller.

DATED this 14th day of October, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge